IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[1] JEAN C. GONZÁLEZ-PAGÁN,

Defendant.

CRIMINAL.: 12-664 (DRD)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.     Procedural Background**

On September 7, 2012, a grand jury returned an indictment against Jean C. González-Pagán (hereinafter referred to as "defendant"). (Docket No.18.)  The defendant has agreed to plead guilty to counts four and eight of the indictment.  Count four charges that on or about August 26, 2012, in the District of Puerto Rico, and within the jurisdiction of this court, [1] Jean C. González Pagán and [2] George Díaz-Hernández, aiding and abetting each other, did knowingly and unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and their movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendant did unlawfully take approximately one thousand dollars ($1,000.00) from La Gran Parada, in the presence of employees and customers, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, that is by threatening the employees with firearms in order to commit the robbery, all  in violation of Title 18, United States Code, Section 1951, and Title 18, United States Code, Section 2.

Count eight charges that on or about August 26, 2012, in the District of Puerto Rico, and within the jurisdiction of this court, [1] Jean C. González Pagán and [2] George Díaz-Hernández, aiding and abetting each other, did knowingly use, carry, and brandish firearms, as this term is defined in Title 18, United States Code, Section 921(a)(3), that is, one (1) Smith & Wesson revolver, Model 10-5, caliber .38 Special, Serial Number C737926, and one (1) Smith & Wesson revolver, Model 36, caliber .38 Special, Serial number J250397, during

and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the robbery of La Gran Parada charged in count four in violation of Title 18, United States Code, Section 1951, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), and Title 18, United States Code, Section 2.

**II.   Consent to Proceed Before a Magistrate Judge**

On May 29, 2013, while assisted by counsel, the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to counts four and eight of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

**III.   Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A.   Rule 11(c)(1) Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.   To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.   To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses and observing his demeanor, it is determined that defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count four he will face the following penalties: a term of imprisonment of not more than twenty (20) years, a fine not greater than $250,000.00, and a term of supervised release of not more than three (3) years.

As to count eight defendant was explained and he understood that if convicted he will face the following penalties: a minimum term of imprisonment of seven (7) years and a maximum term of life imprisonment, a fine not greater than $250,000.00, and a term of supervised release of not more than five (5) years. The sentence as to count eight must be imposed consecutive to the sentence regarding count four.

The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished. In addition, defendant was made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

4

**D. "Type C" Plea Agreement**[1]

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that the court may accept or reject the plea agreement, or may defer its decision whether to accept or reject the plea agreement until it has considered the pre-sentence report. If the court rejects the plea agreement, the court will inform the parties of this fact and afford the defendant an opportunity to withdraw the guilty plea and advise the defendant that if he persists in a guilty plea, the disposition of the case may be less favorable to the defendant than the defendant contemplated in the plea agreement. Defendant acknowledged having understood these explanations and all the terms and conditions of the plea agreement.

**E. Government's Evidence (Basis in Fact)**

The government presented a summary of its evidence consistent with the version of facts of the plea agreement with which the defendant concurred. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

**F. Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

**G. Waiver of Appeal**

The defendant was explained, and he understood, that if the court accepts the plea agreement and sentences him according to its terms and conditions, he will be surrendering his right to appeal the sentence and judgment in this case.

**IV.  Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to counts four and eight of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant Jean C. González-Pagán is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same

---

[1]  "Plea agreement" refers to the agreement and its supplement.

5

carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts four and eight.

      This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

      SO RECOMMENDED.

      In San Juan, Puerto Rico, this 30th day of May, 2013.

                                            s/Marcos E. López
                                            U. S. MAGISTRATE JUDGE